IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LISA K. PAZOUR,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                 16-cv-020-wmc

ANDREW M. SAUL, Commissioner
of Social Security,

                        Defendant.

Plaintiff's counsel seeks an award of attorney's fees in the amount of $42,330.00 pursuant to 42 U.S.C. § 406(b). (Dkt. #16.) As set forth in plaintiff's motion and attached materials, plaintiff Lisa Pazour was awarded $169,456.00 in past due benefits after remand from this court. Section 406(b) contemplates a fee award not to exceed 25% of the past due benefits, which here works out to a maximum award of $42,330.00 -- the amount requested by plaintiff's counsel. Plaintiff's counsel also points to his fee agreement with plaintiff, in which she agreed to "pay a fee of 25% of my past due benefits." (Pl.'s Mot., Ex. 2 (dkt. #16-2).) Plaintiff's counsel also acknowledges that this request for fees is based on 38.1 hours of work, resulting in a calculated hourly rate of "slightly more than $1,100." (Pl.'s Mot. (dkt. #16) 5.)

The Commissioner appropriately filed a response to the § 406(b) fee request, pointing out the possibility of a "windfall recovery" by counsel because the requested fee amount implies an hourly rate of $1,111.02. (Def.'s Resp. (dkt. #19-1) 5.) *See generally Heise v. Colvin*, No. 14-CV-739-JDP, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (addressing proper calculation of hourly rate under § 406(b)).

The court agrees this implied hourly rate would constitute a windfall, and, thus, finds the fee request is not reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). As this court explained in *Squiller v. Berryhill*, No. 15-cv-485 (W.D. Wis. Aug. 18, 2017) (dkt. #27), absent extraordinary reasons not present here, an hourly rate of more than $1000 is unreasonable under § 406(b). In light of plaintiff's counsel's extensive work on this case and the significant award obtained for plaintiff, the court concludes that an hourly rate of $1,000 per hour is reasonable and sufficient to guard against a concern of windfall. Accordingly, plaintiff's motion for fees under § 406(b) (dkt. #16) is GRANTED IN PART AND DENIED IN PART. The court will award $38,100 under 42 U.S.C. § 406(b).[1]

Entered this 9th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Of course, counsel is not allowed to recover both this award and the fee award previously ordered by the court under the EAJA. (Dkt. #18.) Section 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").